UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTE MARQUIS SQUALLS,

       Petitioner,                    CASE NO. 4:23-CV-11541
                                                  F. KAY BEHM
                                                  U.S. District Judge
v.

MATTHEW MACAULEY,

       Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Davonte Marquis Squalls, ("Petitioner"), incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for voluntary manslaughter, Mich. Comp. Laws § 750.321, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, two counts of possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b, and being a fourth habitual offender, Mich. Comp. Laws § 769.12.

For the reasons that follow, the petition for writ of habeas corpus is DENIED WITH PREJUDICE.

1

# I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of the shotgun slaying of defendant's wife, Margreat Squalls. She suffered a single wound to the chest. The prosecution presented evidence that defendant and Margreat argued on the day of the shooting, that Margreat retrieved the shotgun from a bedroom and demanded that defendant leave the home, that Margreat pointed the gun at defendant and threatened to shoot him, and that defendant then grabbed the shotgun, resulting in an accidental discharge that harmed neither person. There was additional evidence that the shotgun then fell to the floor, that the two wrestled for control of the gun, that defendant struck Margreat in the head with the barrel of the shotgun while they were struggling over the firearm, that defendant was able to gain control of the gun, and that defendant next shot Margreat from a couple of feet away, killing her. The evidence discussed above came primarily from a statement defendant made to the police that was presented in the prosecutor's case-in-chief. There was also testimony by the coroner which indicated that Margreat was partially turned away from the direction of the shot, with the shotgun spray coming from Margreat's left side and striking

the lobe of her right lung. Defendant took the stand on his own behalf, testifying in a manner that was fairly consistent with his statement to police, including that he wrestled the shotgun away from Margreat and then shot her. The evidence established that there were no other firearms in the house. The jury rejected defendant's claim of self-defense, but it also declined to find defendant guilty of first-degree or second-degree murder. Instead, the jury found defendant guilty of voluntary manslaughter, along with the firearm offenses. *People v. Squalls*, No. 353187, 2022 WL 258978, at *1 (Mich. Ct. App. Jan. 27, 2022) (footnotes omitted), *lv. den.* 509 Mich. 1054 (2022).

    Petitioner seeks a writ of habeas corpus on the following grounds:

I. Squalls was denied his state and federal constitutional due process rights where the prosecutor failed to disprove beyond a reasonable doubt that the killing was justified by self-defense.

II. Squalls is entitled to a new trial where the verdict was against the great weight of the evidence and it would be a denial of due process and a miscarriage of justice to allow his convictions to stand.

III. Squalls was deprived of the right to present a defense and the effective assistance of counsel when trial defense counsel failed to raise the defense of temporary innocent possession of a firearm.

IV. The prosecutor violated Squalls state and federal constitutional due process rights to a fair trial and usurped the function of the jury to be the sole judge of witness credibility and to return a verdict based solely on the evidence, when he engaged in misconduct by telling the jury that Squalls was a liar.

## II. Standard of Review

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

4

incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 103.

### III. Discussion

**A. Claims # 1 and # 2. The sufficiency of evidence/great weight of evidence claims.**

The Court discusses Petitioner's first two claims together because they are interrelated. In his first claim, Petitioner argues the evidence was insufficient to convict. In his second claim, Petitioner alleges that the verdict went against the great weight of the evidence.

Taking Petitioner's second claim first, a federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *See Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *see also Nash v. Eberlin*, 258 F. App'x 761, 764, n. 4 (6th Cir. 2007) ("a manifest-weight-of-the-evidence argument is a state-law argument"); *Artis v. Collins,* 14 F. App'x

5

387 (6th Cir. 2001) (declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence).  A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised.  *Cukaj*, 305 F. Supp. 2d at 796; *see also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003).  The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell*, 194 F. Supp. 2d at 648.  As long as there is sufficient evidence to convict Petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief.  *Id.*  As the Supreme Court has yet to recognize a state prisoner's constitutional right to a new trial because the verdict was against the great weight of the evidence, Petitioner's claim that the verdict went against the great weight of the evidence fails to state a cognizable federal claim.  *Walker v. Curtin*, No. 1:10–cv–1267; 2011 WL 285152, *3 (W.D. Mich. Jan. 5, 2011).

Petitioner argues in his first claim that there was insufficient evidence presented at trial to disprove his claim that he shot his wife in self-defense.

A habeas petitioner's claim that the prosecutor failed to disprove his affirmative defense of self-defense is not cognizable on habeas review.  *See Hayes*

6

*v. Horton*, 596 F. Supp. 3d 978, 989 (E.D. Mich. 2022).  Self-defense is an affirmative defense under Michigan law.  *See People v. Dupree,* 486 Mich. 693, 704, 712 (2010).  "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its commission.  It does not negate specific elements of the crime.'"  *People v. Reese*, 491 Mich. 127, 155, n. 76 (2012) (quoting *Dupree,* 486 Mich. at 704, n. 11).  Although Michigan law requires a prosecutor to disprove a claim of self-defense, *see People v. Watts*, 61 Mich. App. 309, 311 (1975), "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required...."  *See Smith v. United States,* 568 U.S. 106, 110 (2013) (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)).

The Supreme Court and the Court of Appeals for the Sixth Circuit have rejected the idea that the Constitution requires a prosecutor to disprove self-defense beyond a reasonable doubt.  *See Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting) ("In those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt"); *Martin v. Ohio*, 480 U.S. 228, 233-36 (1987); *see also Allen v. Redman*, 858 F.2d 1194, 1197 (6th Cir.1988) (explaining that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law and citing *Engle v. Isaac*, 456 U.S. 107 (1982), and *Duffy v. Foltz*, 804 F.2d 50 (6th Cir. 1986)).  The Sixth Circuit in *Allen* opined

7

that "the apparent meaning of *Engle v. Isaac* is that a state may elect to carry the burden of proof with respect to a properly raised defense while insulating that portion of its case from habeas corpus review by expressly not designating the lack of the affirmative defense as an element of the crime." *Allen,* 858 F.2d at 1198. Therefore, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Caldwell v. Russell,* 181 F.3d 731, 740 (6th Cir. 1999). Petitioner's claim that the prosecutor failed to disprove his affirmative defense of self-defense is non-cognizable on habeas review. *Id.; Allen v. Redman,* 858 F.2d at 1200; *Hayes v. Horton,* 596 F. Supp. 3d at 990.

Moreover, even if Petitioner's claim was cognizable, he would not be entitled to habeas relief.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it*

8

believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) (internal quotation omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) ("A conviction may be sustained based on nothing more than circumstantial evidence.").

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled

9

law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

The Michigan Court of Appeals rejected Petitioner's sufficiency of evidence claim as follows:

> When the evidence is viewed in a light most favorable to the prosecution, a reasonable juror could have concluded beyond a reasonable doubt that defendant did not act in self-defense because defendant had gained complete control of the shotgun; Margreat had a head injury inflicted by defendant and was unarmed, and Margreat was not directly facing defendant when she was shot. Moreover, the jury may have simply determined that defendant was lying when he claimed that Margreat, not defendant, first wielded the shotgun. This is a credibility assessment that we will not second guess. Additionally, there was evidence that defendant and Margreat had been arguing and that he had sent a text message about two weeks before the shooting in which he said, referring to Margreat, that he was "tired of that fat b***h." The jury also learned that defendant was on probation for a domestic violence conviction, which the jury could consider for purposes of propensity. Further, there was evidence that defendant was upset with Margreat because she had testified against him in relation to a probation violation. This circumstantial evidence of a volatile relationship could have reasonably led the jury to conclude that defendant killed Margreat in the heat of passion, thereby explaining the voluntary manslaughter conviction. In sum, the jury could have reasonably found that defendant did not honestly or reasonably believe that he was in

10

>   imminent danger of great bodily harm or death when he shot Margreat. We therefore hold that there was sufficient evidence to support the conviction of voluntary manslaughter.

*People v. Squalls*, 2022 WL 258978, at *2.

Under Michigan law, a person acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F.3d 712, 713, fn. 1 (6th Cir. 1999) (citing to *People v. Heflin*, 434 Mich. 482 (1990)). To be lawful self-defense, the evidence must show that: (1) the defendant honestly and reasonably believed that he was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 608-09 (E.D. Mich. 2002) (citing *People v. Barker*, 437 Mich. 161, 165 (1991); *People v. Kemp*, 202 Mich. App. 318, 322 (1993); *People v. Deason*, 148 Mich. App. 27, 31 (1985)). Under Michigan law, a defendant is not entitled to use any more force than is necessary to defend himself. *Johnigan*, 207 F. Supp. 2d at 609. "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent

11

forcible sexual penetration under the circumstances." *Id.* (internal citation omitted).

The Michigan Court of Appeals reasonably concluded that the evidence, when viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to reject Petitioner's self-defense claim. Although there was some evidence to support Petitioner's self-defense claim, there was other evidence that sufficiently disproved it. Petitioner had gained control of the shotgun prior to him firing the shot that killed his wife. The victim also suffered a separate head injury from Petitioner and was unarmed at the time of the killing. All of this suggests that Petitioner was no longer in imminent danger of death or serious bodily injury and that the force employed by him was excessive. Petitioner was already on probation for a domestic violence conviction and was angry at his wife for testifying against him at a probation violation hearing. Petitioner had previously sent a text that he was "tired of that fat b***h." In light of the evidence, a reasonable factfinder could find beyond a reasonable doubt that Petitioner did not honestly and/or reasonably fear that he was in imminent danger of death or serious bodily harm from the victim and that he used far more force than necessary to defend himself. *See Johnigan v. Elo,* 207 F. Supp. at 609.

Petitioner testified that he acted in self-defense. This was not the only possible interpretation of the incident and the jury under could have decided to

12

give more credit to the other evidence, which, if believed, was sufficient to rebut Petitioner's self-defense claim. *See Wooten v. Warren*, 814 F. App'x 50, 60 (6th Cir. 2020). Thus, although there may have been some evidence to support Petitioner's self-defense claim and Petitioner has given interpretations to the evidence that differ from the state court's interpretation of the evidence, "in light of the deference to be accorded to state-court factfinding under § 2254(e), as well as the traditional deference accorded to the jury's resolution of disputed factual issues," Petitioner is unable to show that the Michigan Court of Appeals' unreasonably determined that the prosecutor disproved his self-defense claim. *See Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000). Petitioner is not entitled to relief on his first claim.

**B. Claim # 3. The ineffective assistance of trial counsel claim.**

Petitioner next contends that trial counsel was ineffective for failing to raise the defense of "temporary innocent possession" regarding the various firearms offenses.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466

13

U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance.  *Id*.  In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy.  *Strickland,* 466 U.S. at 689.  Secondly, the defendant must show that such performance prejudiced his defense.  *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

> The Michigan Court of Appeals rejected Petitioner's claim as follows:
>
> Defendant's argument, however, is essentially that counsel should have raised the defense of self-defense to the charge of felon-in-possession, which, as mentioned earlier, is a valid theory of defense in regard to such a charge.  But on review of the record, we find that defense counsel did present a self-defense argument in connection with the felon-in-possession charge.  And the jury was instructed that defendant was not guilty of felon-in-possession if he possessed the shotgun only as necessary "to act in lawful self-defense."  We are not prepared to conclude that defense counsel was ineffective for failing to more vigorously argue self-defense in relation to the charge of felon-in-possession.  Understandably, counsel was much more focused on defending against the charge of first-degree murder, which he successfully accomplished.  Furthermore, as discussed earlier, there was evidence that defendant possessed the shotgun outside of the incident surrounding the shooting.  Additionally, the jury rejected the claim of self-defense with respect to the homicide charge.  In sum, defendant has failed to demonstrate deficient performance by counsel or the requisite prejudice.

*People v. Squalls*, 2022 WL 258978, at *5.

Under Michigan law, temporary innocent possession is a defense to a charge of being a felon in possession of a firearm if the defendant's possession of the firearm was immediately necessary to protect the defendant or another from death or serious physical harm. *Reid v. Campbell*, No. 17-1825, 2017 WL 6063113, at *2 (6th Cir. Dec. 7, 2017). However, this is almost identical to a claim of self-defense or defense of others. In Michigan, self-defense is an available defense both to a charge of felon in possession of a firearm, *see People v. Dupree,* 486 Mich. at 705-07, and to a charge of felony-firearm. *See People v. Goree*, 296 Mich. App. 293, 302-05 (2012). Petitioner's counsel chose to run a self-defense argument with respect to all of the charges. The judge instructed the jurors that self-defense was a defense to the firearms charges. (ECF No. 10-13, PageID.772-74, 777). The language in the instructions was virtually identical to the elements of temporary innocent possession. Counsel's overall trial strategy was partially successful in that the jury acquitted Petitioner of the original first-degree murder charge, which carries a mandatory nonparolable life sentence, see Mich. Comp. Laws § 750.316, convicting him instead of the lesser offense of voluntary manslaughter. Petitioner received a sentence of 10-15 years on the manslaughter conviction.

"Where trial counsel has dealt with a problem by choosing one option over another," a reviewing court does "not second-guess that strategy." *Searcy v.*

*Berghuis*, 549 F. App'x 357, 362 (6th Cir. 2013). In light of the fact that counsel did employ a self-defense argument with regards to the firearms offenses, Petitioner is unable to show that trial counsel was ineffective. Petitioner is not entitled to relief on his third claim.

### C. Claim # 4. The prosecutorial misconduct claim.

Petitioner finally claims he was denied a fair trial because of prosecutorial misconduct.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly*, 416 U.S. at 643-45. To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility

16

for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting *Harrington*, 562 U.S. at 103).

Petitioner argues that the prosecutor engaged in misconduct by remarking to the jury in closing argument that Petitioner was a liar. The Michigan Court of Appeals rejected the claim as follows:

> During closing argument in this case, the prosecutor argued that defendant lied when he testified that Margreat racked the shotgun after the gun discharged the first time and before Margreat was shot. Defendant contends that the prosecutor crossed a line by arguing that defendant lied during his testimony. The prosecutor asserted that defendant was lying about Margreat racking the shotgun a second time because that testimony was inconsistent with other trial evidence. Specifically, the prosecutor maintained that defendant's testimony was inconsistent with defendant's earlier statement to police and inconsistent with the physical evidence, i.e., the location of the spent shotgun shell. Accordingly, the prosecutor was simply arguing from the facts and evidence that defendant was not worthy of belief. And a prosecutor "need not confine argument to the blandest possible terms." Therefore, there was no prosecutorial misconduct.

*People v. Squalls*, 2022 WL 258978, at *5 (internal citation omitted).

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d at 737. However, a prosecutor may argue that a defendant is lying when emphasizing discrepancies between the evidence

17

and that of defendant's testimony, so long as those comments are based on reasonable inferences from the evidence presented at trial. *United States v. Johnson*, 79 F.4th 684, 699 (6th Cir. 2023) (quoting *United States v. Francis*, 170 F.3d 546, 551 (6th Cir. 1999)). The prosecutor's comments in this case were proper because they were based on the evidence presented at trial as opposed to a reflection of his personal opinion. Moreover, because the prosecutor's remarks were only a small part of an argument that focused heavily on summarizing the evidence and the trial judge informed the jury that the lawyers' arguments were not evidence (ECF No. 10-13, PageID.755-56), federal habeas relief is not warranted. *Byrd v. Collins*, 209 F.3d 486, 532-33 (6th Cir. 2000). Petitioner is not entitled to relief on his fourth claim.

## IV.  Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "The district court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d at 659. However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. <u>ORDER</u>

Based upon the foregoing, **IT IS ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

Dated: August 13, 2024

<u>s/F. Kay Behm</u>
F. KAY BEHM
United States District Judge

19